**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD. ET AL. and the OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>*Plaintiffs*,<br><br>v.<br><br>PETER ROMERO,<br><br>*Defendants*, | Case No. 3:11-CV-00297<br>JURY DEMANDED |

**ORIGINAL ANSWER OF DEFENDANT PETER ROMERO TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Peter Romero ("Defendant" or "Romero") files his Original Answer to Plaintiffs' First Amended Complaint ("Complaint") as follows:

**SUMMARY**

1. Defendant lacks information necessary to admit or deny the allegations in paragraph 1 of the Complaint and, on that basis, they are denied.

2. Defendant lacks information necessary to admit or deny the allegations in paragraph 2 of the Complaint and, on that basis, they are denied.

3. Defendant admits that he was a member of the Stanford International Advisory Board for a period of time. Defendant denies all other allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint does not contain any factual allegation requiring an

admission or denial.  To the extent it does, such allegations are denied.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint does not contain any factual allegation requiring an admission or denial.  To the extent it does, such allegations are denied.

10. Paragraph 10 of the Complaint does not contain any factual allegation requiring an admission or denial.  To the extent it does, such allegations are denied.

11. Defendant lacks information necessary to admit or deny the allegations in paragraph 11 of the Complaint and, on that basis, they are denied.

12. Defendant admits that he has appeared in this action.  Defendant denies all other allegations in paragraph 12 of the Complaint.

## THE PARTIES

13. Defendant lacks information necessary to admit or deny the allegations in paragraph 13 of the Complaint and, on that basis, they are denied.

14. Defendant lacks information necessary to admit or deny the allegations in paragraph 14 of the Complaint and, on that basis, they are denied.

15. Defendant admits that he resides in Maryland and has been served and appeared in this action.  Defendant denies all other allegations in paragraph 15 of the Complaint.

## STATEMENT OF FACTS

16. Defendant lacks information necessary to admit or deny the allegations in

paragraph 16 of the Complaint and, on that basis, they are denied.

17. Defendant lacks information necessary to admit or deny the allegations in paragraph 17 of the Complaint and, on that basis, they are denied.

18. Defendant lacks information necessary to admit or deny the allegations in paragraph 18 of the Complaint and, on that basis, they are denied.

19. Defendant lacks information necessary to admit or deny the allegations in paragraph 19 of the Complaint and, on that basis, they are denied.

20. Defendant lacks information necessary to admit or deny the allegations in paragraph 20 of the Complaint and, on that basis, they are denied.

21. Defendant lacks information necessary to admit or deny the allegations in paragraph 21 of the Complaint and, on that basis, they are denied.

22. Defendant lacks information necessary to admit or deny the allegations in paragraph 22 of the Complaint and, on that basis, they are denied.

23. Defendant lacks information necessary to admit or deny the allegations in paragraph 23 of the Complaint and, on that basis, they are denied.

24. Defendant lacks information necessary to admit or deny the allegations in paragraph 24 of the Complaint and, on that basis, they are denied.

25. Defendant lacks information necessary to admit or deny the allegations in paragraph 25 of the Complaint and, on that basis, they are denied.

26. Defendant lacks information necessary to admit or deny the allegations in paragraph 26 of the Complaint and, on that basis, they are denied.

27. Defendant lacks information necessary to admit or deny the allegations in paragraph 27 of the Complaint and, on that basis, they are denied.

28. Defendant lacks information necessary to admit or deny the allegations in paragraph 28 of the Complaint and, on that basis, they are denied.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant admits that he was a member of the Stanford International Advisory Board for a period of time. Defendant denies all other allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

## REQUESTED RELIEF

32. Defendant lacks information necessary to admit or deny the allegations in paragraph 32 of the Complaint and, on that basis, they are denied.

33. Defendant lacks information necessary to admit or deny the allegations in paragraph 33 of the Complaint and, on that basis, they are denied.

34. Defendant lacks information necessary to admit or deny the allegations in paragraph 34 of the Complaint and, on that basis, they are denied.

35. Defendant lacks information necessary to admit or deny the allegations in paragraph 35 of the Complaint and, on that basis, they are denied.

## -COUNT ONE-
## DISGORGEMENT FOR ALLEGED FRAUDULENT TRANSFERS

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant admits that he was a member of the Stanford International Advisory Board for a period of time. Defendant denies all other allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint does not contain any factual allegation requiring an admission or denial. To the extent it does, such allegations are denied.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

### -COUNT TWO-
### DISGORGEMENT FOR ALLEGED UNJUST ENRICHMENT

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

### **AFFIRMATIVE DEFENSES**

1. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

2. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

3. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to set forth allegations supporting its fraudulent transfer claims with the requisite particularity.

4. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, because Defendant is a good-faith transferee.

5. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, because Defendant provided services constituting reasonably equivalent value in exchange for all monies paid to him by any of the Stanford Parties (as defined in the Complaint).

6. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the doctrines of justification, privilege and/or legal right.

7. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

8. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' unjust enrichment claims are barred, in whole or in part, by the existence of a contract.

9. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the Takings Clause of the Fifth Amendment to the United States Constitution.

10. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the Thirteenth Amendment to the United States Constitution.

11. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

12. By way of affirmative defense, should such be necessary, Defendant would show that Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

13. Defendant asserts all defenses available under Texas Business & Commerce Code § 24.009.

## JURY DEMAND

1. Defendant hereby demands a trial by jury in this case.

WHEREFORE, Defendant pray that Plaintiffs take nothing, that Plaintiffs' Complaint be dismissed in its entirety, that Defendant recover his reasonable and necessary attorneys' fees[1] and costs incurred in defense of this suit and that Defendant have all other relief to which he shows himself entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/Brian W. Clark
Lawrence T. Bowman
State Bar No. 00788993
Brian W. Clark
State Bar No. 24032075

1601 Elm Street, Suite 3700
Dallas, Texas 75201
Tel: (214) 777-4294
Fax:(214) 777-4299

**ATTORNEYS FOR DEFENDANT PETER ROMERO**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's ECF filing system on this 2nd day of October, 2013 upon all counsel of record.

/s/ Brian W. Clark
Brian W. Clark

---

[1] *See, e.g.,* Tex. Bus. & Comm. Code § 24.013. Defendant intends to seek leave of Court to assert a counterclaim for attorneys' fees.