IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-0297-N |
| § | |
| PETER ROMERO, § | |
| § | |
| Defendant. § | |

## ORDER

This Order addresses Defendant Peter Romero's motion for summary judgment [doc. 52], regarding Plaintiffs Ralph S. Janvey, in his capacity as receiver, and the Official Stanford Investors Committee's (collectively, the "Receiver") fraudulent transfer claim and alternative claim under the doctrine of unjust enrichment ("unjust enrichment claim").[1] Because Romero fails to establish that there is no genuine dispute of material fact and that Romero is entitled to judgment as a matter of law on the Receiver's claims, the Court denies Romero's motion.[2]

In regards to the Receiver's fraudulent transfer claim, the Court determines Romero has not adequately shown "by affidavit or other evidentiary materials that there is no genuine

---

[1] The Court also addresses Romero's motion for a continuance and request for an expedited briefing schedule [55], in which Romero seeks a continuance pending a decision on the motion for summary judgment. The Court denies this motion as moot.

[2] For a brief over of the Stanford Ponzi scheme and its subsequent litigation history, see generally *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 188–89 (5th Cir. 2013).

ORDER – PAGE 1

dispute as to any fact material to resolution of the motion." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see also id.* ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."). The Court finds that genuine issues of material fact exist concerning the "good faith" element of Romero's "good faith value" affirmative defense. Thus, summary judgment as to the fraudulent transfer claim is inappropriate.

In regards to the Receiver's unjust enrichment claim, the Court concludes that Romero has failed to either provide "affirmative evidence negating an essential element of the nonmovant's claim or . . . demonstrat[e] that the nonmoving party's evidence itself is insufficient to establish an essential element of its claim." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998). Consistent with the Court's reasoning in previous orders, the Court determines that the Receiver adequately pleads a valid unjust enrichment claim. *See Janvey v. Alguire*, 846 F. Supp. 2d 662, 673–75 (N.D. Tex. 2011). Furthermore, despite Romero's arguments to the contrary,[3] Romero has not shown how the existence of an employment contract in the present case requires that the Receiver's unjust enrichment claim fail as a matter of law – especially when this Court presently finds that genuine issues of material fact exist concerning Romero's involvement in promoting, protecting, and participating in the Stanford Ponzi scheme, which

---

[3]*See* Def.'s Mot. Summ. J., Br. in Support 25 [53] (asserting that "Plaintiffs' claim for unjust enrichment is barred by the existence of a written contract" (citing *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000))).

leaves multiple questions unanswered relating to the validity of any such employment contract. *See generally In re Indep. Clearing House Co.*, 77 B.R. 843, 857 (D. Utah 1987) ("Courts' refusals to enforce an illegal bargain generally rest on the elementary principle that one who has himself participated in a violation of law cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction. . . . However, if the party seeking enforcement is innocent of any violation, that reason for refusing to enforce the bargain does not apply. . . . However, in some cases the interest of the public, rather than the equitable standing of individual parties, is of determining importance. . . . In determining whether a contract is unenforceable because it is against public policy, the court may look beyond the terms of the contract itself to the underlying facts." (citations and internal question marks omitted)). Based on the evidence before the Court, the Court determines that Romero has failed to show that there is no genuine dispute of material fact and the Receiver's unjust enrichment claim fails as a matter of law.

## CONCLUSION

Based on the foregoing reasons, the Court concludes that Romero is not entitled to summary judgment as to either the Receiver's fraudulent transfer claim or the Receiver's unjust enrichment claim. Accordingly, the Court denies Romero's motion for summary judgment.

Signed August 1, 2014.

David C. Godbey
United States District Judge

ORDER – PAGE 3